Appeal from City Court of New York, Special Term.

Action by Fishel Koeppel against Mendel Koeppel and another. From an order relating to costs, plaintiff appeals. Reversed.

See 95 N. Y. Supp. 812.

Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

Max Schleimer, for appellant.

Steuer & Hoffman, for respondents.

NEWBURGER, J.   An examination of the record upon the former appeal to this court shows that this was an appeal from an order granting a new trial upon a case made and settled. The printed case on page 4 shows that the motion for a new trial was made upon the exceptions taken at the trial, while on page 58 of the same case appears this memorandum :·

"All amendments, except the twenty-fifth amendment, are allowed. The twenty-fifth amendment is disallowed. Case settled and filed April 8, 1905. J. H. McC., J. C. C."

It is apparent, therefore, that the motion was made upon the case, and it has been repeatedly held that upon such a motion the successful party is entitled to full costs.   See Reid v. Gaedeke, 38 App. Div. 107; 57 N. Y. Supp. 414; Ireland v. Harlam (Sup.) 88 N. Y. Supp. 990. The judge below erred in holding that the plaintiff was only entitled to $10 costs.

The order appealed from, therefore, must be reversed, with costs and disbursements, and the bill of costs is hereby remitted for retaxation.   All concur.

---

(50 Misc. Rep. 621)

### NORTON v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.   March 26, 1906.)

STREET RAILROADS—COLLISION WITH TEAM—CONTRIBUTORY NEGLIGENCE.

For the driver of a coach, which stood in the middle of a block 5 feet from a street car track, to attempt to cross in front of a rapidly approaching car, which he saw only 50 feet away, is negligence, barring recovery by him.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, § 214.]

Appeal from City Court of New York, Special Term.

Action by Patrick Norton against the Interurban Street Railway Company.   From a judgment on a verdict for plaintiff, defendant appeals.   Reversed.

Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

Bayard H. Ames, for appellant.

Thomas J. O'Neill, for respondent.

NEWBURGER, J.   On the afternoon of May 25, 1903, a southbound car, operated by defendant upon Hudson street, collided with a coach driven by plaintiff easterly across its track at a point in the mid-

dle of the block, south of Christopher and West Tenth street.  Plaintiff testified that his coach and horses stood on the west side of Hudson street in the middle of the block, 5 feet from the south-bound track; the horses' heads pointing south.  He said he had a call, and was going from this point to Christopher street, which was north of where he was standing.  When he got up on the box of his coach, he looked around, and the car was 50 feet away from him, and he put his hand up. The car was coming fast.  Then he swung his horses around and started to drive across the track.  When his horses' feet touched the rail, the car came right into him.  This statement of plaintiff clearly points to his own imprudence.  The short distance the car was away when plaintiff first saw it, and the rapid speed of the car, of which he knew, clearly shows that the plaintiff did not exercise that degree of care that devolved upon him.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.  All concur.